**William W. HOWERTON and Howerton Chemical Corp., Plaintiff,**

v.

**CHAS. PFIZER & CO., Inc., Defendant.**

**Civ. A. No. 63–508.**

United States District Court
D. Massachusetts.

March 5, 1964.

Wm. M. Anderson, Anderson & Baranick, Boston, Mass., for plaintiff.

George H. Lewald, Ropes & Gray, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

This is an action for breach of contract. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, and the defendant has moved to dismiss on the grounds that "it appears on the face of the pleadings that the amount in controversy is less than Ten Thouand Dollars * * *."

Under the terms of the agreement, which is attached to the complaint, the plaintiff agreed to turn over to the defendant certain technical "Information" * on chemical compositions which are useful as plasticizers for vinyl resins. The defendant was to have a thirty-day period to evaluate the Information after which it was to advise the plaintiff of its intention 1) to abandon further analysis and research, in which event it was

* This term is specifically defined in the agreement.

bound not to disclose the information to anyone else or 2) to continue research for an additional period of five months, in which case it was to pay the plaintiff $1,000 plus $1,000 at the end of each thirty-day period "during which the option may be outstanding," up to a total of $6,000.

On or before the last day of the option period the defendant agreed to notify the plaintiff of its intention either 1) to take a license to manufacture, use and sell the Information, or 2) not to use the Information and comply with the nondisclosure provisions of the agreement.

The complaint alleges that the plaintiff did turn over Information to the defendant. The latter continued research and development work on this Information beyond the first thirty days and expressed an intent to continue for the full five months' period. Thereafter, the defendant "without right unilaterally terminated and breached the agreement."

The complaint further alleges that "As a consequence of the breach, plaintiff has not received the last four payments, totalling $4000.00, which are now due and payable *and is further damaged and deprived of the value and benefits which he was to derive from the research and development work which defendant, according to the terms of the agreement, was to perform on the 'Information'.*" (Emphasis added)

The plaintiff argues that the portion of complaint above quoted and *underlined* sets forth damages well in excess of the statutory minimum necessary to confer jurisdiction. But the agreement obligates the defendant only to use its best efforts to keep the Information secret and confidential in the event it chose not to exercise the option. Nowhere, does it provide for any sharing with the plaintiff of the results of the defendant's research if the latter did not exercise the option. Therefore, the maximum amount recoverable is $6,000 of which only $4,000 is in contention.

The motion to dismiss for lack of the jurisdictional amount is allowed.